UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN RICE, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>JOSEPH BIDEN, )<br>)<br>      Defendant. ) | Civil Action No.  24-0444 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* (ECF No. 7), *pro se* complaint and amended complaint (ECF Nos. 1, 6), and motion for production of documents (ECF No. 4).  The Court GRANTS the application, DENIES the motion as moot and, for the reasons stated below, DISMISSES the complaint, as amended, and this civil action without prejudice.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But even *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  FED. R. CIV. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendant, of the claim being asserted, sufficient to

1

prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

According to plaintiff, in 2010, then-President Obama and then-Vice-President Biden planned to have plaintiff killed.  Compl. (ECF No. 1) at 4.  Plaintiff further alleged that, when he was to be released from Hays State Prison, he would have been "watch[ed] by satellite[] devices in the sky."  *Id*.  And former President Obama allegedly told plaintiff that "the U.S.A. military is trying to give [him] rights to have [his] own Army in the United States[.]"  *Id*.  Notwithstanding potential for a private army, in 2011, "a Clayton County Army Tank pull[ed] up on [plaintiff] and the Army man All Shoot their guns at [him] . . . behide [sic] Jonesboro High School."  *Id*. at 5.  In the amended complaint, focus shifted to alleged violations of rights protected under the First and Fourth Amendments to the United States Constitution.  For example, former President Obama and current President Biden allegedly have "use[d] Local government's [sic] to block [plaintiff's] civil right's [sic]," Am. Compl. (ECF No. 6) at 5, and were responsible somehow from a search of plaintiff's home and execution of an arrest warrant, *see id*.  And during plaintiff's incarceration in Georgia, prison officers allegedly have tried "to get [plaintiff] killed for money [in] the year 2013 and the year 2009 and the year 2010."  *Id*.

By any measure, the complaint, as amended, fails to meet the minimal pleading standard set forth in Rule 8.  The pleadings are rambling, largely incoherent, and fail to put any defendant on notice of a viable legal claim against him.  Accordingly, the Court will dismiss the complaint without prejudice.  A separate order will issue.

DATE: July 31, 2024

/s/
TREVOR McFADDEN
United States District Judge